Case 2:11-cv-00020-SWW Document 14 Filed 10/18/11 Page 1 of 5

N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| RICHARD PROCTOR, Individually and as Personal Representative of the ESTATE OF VIRGINIA PROCTOR, Deceased | PLAINTIFF |
| vs.     Case No. 2-11-cv-0020 SWW | |
| PRIDE MOBILITY PRODUCTS CORP., THE SCOOTER STORE LTD. AND JOHN DOES 1-10 | DEFENDANTS |

## AGREED PROTECTIVE ORDER

### Purpose and Scope

1. Discovery in this action may involve disclosure of trade secrets and other confidential and proprietary business, technical and financial information. This Protective Order ("Order") therefore is entered to protect against unauthorized disclosure of such information and to ensure that such information will be used only for purposes of this action. This Order shall govern all information (whether in writing, in electronically readable form, or otherwise), interrogatory responses, responses to requests for admission, documents produced in response to requests for production or voluntary production of documents, deposition testimony, including but not limited to all copies, excerpts, and summaries thereof or materials derived therefrom, and all other material and information produced, given, filed, or otherwise used in the course of pretrial discovery and other proceedings in this action, and any motions, briefs or other filings incorporating such information (collectively, "Discovery Material").

### Applicability and Designation of Materials

2. Except as otherwise ordered by the Court, this Order shall apply to all documents and items supplied by Pride Mobility Products Corporation in this case which are designated as

"confidential" or "subject to protective order" or similar designation (hereinafter referred to only as "confidential").

3. Information revealed or contained in a deposition which is confidential pursuant to this Order shall be identified in the deposition as being confidential and subject to this Order. That portion of the deposition shall thereafter be separately reflected as confidential and being subject to this Order.

### Disclosure

4. Except with prior written consent of counsel for Pride Mobility Products Corporation or prior order of the Court, confidential information subject to this Order shall only be disclosed as follows: (a) to counsel of record for the respective parties including their office and clerical staff; (b) the parties themselves (including any statutory beneficiaries), and officers, directors and necessary employees of any party in connection with this case; (c) expert witnesses or consultants engaged by a party to assist in the prosecution or defense of the action provided such witnesses and consultants separately agree to be bound and governed by the terms of this Order; (d) the Court and Court personnel subject to such safeguards as the Court may deem necessary; (e) non-party witnesses and their counsel only to the extent disclosure is necessary for their testimony and provided that they shall separately agree to be bound and governed by the terms of this Order.

### Non-Disclosure

5. All parties and persons to whom confidential information and/or documents are disclosed are authorized only to use such information and documents in connection with this action and are precluded from disclosing the information or documents to any other person except as specifically provided herein. No person receiving or reviewing such confidential information shall

disclose it or its contents to any person other than those authorized by this Order and for the purposes specified in this Order.

### Disputes

6.  Any party may object to the designation of particular discovery material as "confidential" or "subject to protective order" by giving written notice to the party making the designation and to all other parties. Such notice shall identify with specificity the discovery material to which the objection is directed and the basis of the objection. If there is dispute, it shall be the obligation of the party objecting to the designation to file an appropriate motion requesting in camera review and a ruling by the Court that the disputed discovery material be designated as "confidential" or "subject to protective order". The party making the designation or any other party shall then file opposition papers in support of the designation. The disputed discovery material shall be treated as originally designated pending a ruling from the Court. In any proceeding under this paragraph, the party making the designation shall have the burden of proof that the challenged discovery material is entitled to the protection of this Order.

7.  The authorization contained herein for Pride Mobility Products Corporation to designate any information as "confidential" or "subject to protective order" is intended solely to facilitate the proceedings in this suit and such designation shall not be construed as an admission or agreement that such information constitutes or contains confidential or secret information.

### Return of Discovery Material

8.  At the conclusion of this litigation, the parties and their respective counsel shall, upon request, return to counsel for the party making a designation all documents and items which are confidential and supplied subject to this Order as well as any copy, notes or record of confidential

information supplied by the party making a designation subject to this Order including copies supplied to experts, consultants or witnesses.

### No Waiver

9. Neither the taking of any action in accordance with the provisions of this Order, nor the failure to object hereto, shall constitute a waiver of any claim or defense in this action. This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information properly sought in the course of discovery. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial of this action. Nothing contained in this Order or any declaration of confidentiality or restriction hereunder shall be used or characterized by any party as an "admission" by a party opponent. The failure of a party to object to or challenge a designation by another party of discovery material as "confidential" shall not constitute an admission that the materials so designated are in fact confidential, are trade secrets, or other confidential research, development, or commercial information, or are entitled to any legal protection.

10. If any party wishes to disclose any material designated as "confidential" to any persons not referred to in paragraph 2 of this Order, they may seek written permission from the producing party or the Court.

### Motion for Modification

11. This Order may be amended without leave of Court by the agreement of counsel for Pride Mobility Products Corporation in the form of a stipulation that shall be filed in this case.

### Termination of Proceedings

12. The provisions of this Order shall survive and remain in force and effect after the conclusion of this litigation whether the conclusion be by settlement or litigation.

### Continuing Jurisdiction

13. The Court retains jurisdiction to construe and enforce the provisions of this Order.

### Treatment of Confidential Information at Trial

14. The treatment of Confidential Information to be introduced at trial shall be the subject of a later Order as will be determined by the Court at a later date.

It Is So Ordered.

_____
United States District Court Judge

Date: October 18, 2011

Approved and Stipulated:

_____
Chris Averitt, Esq.
Scholtens & Averitt
113 E. Jackson Avenue
Jonesboro, AR 72401
Attorney for Plaintiff
870-972-6900

_____
J. Carter Fairley, Esq.
Barber, McCaskill, Jones & Hale, P.A.
2700 Regions Center
400 W. Capitol Avenue
Little Rock, AR 72201
Attorney for Defendants
501-372-6175